IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THERESA SANCHEZ and
DESTINY LEE,

       **Plaintiffs,**

v.                                                             No. CIV-14-0433 MCA/LAM

STATE FARM FIRE AND CASUALTY
COMPANY, and JOHN DOE,

       **Defendants.**

**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO EXTEND DISCOVERY
DEADLINES AND TO COMPEL DEPOSITIONS [*Doc. 42*]**

**THIS MATTER** is before the Court on Plaintiffs' opposed *Motion to Extend Discovery Deadlines and Motion to Compel Deposition (Doc. 42)*, filed April 4, 2015. Defendant State Farm Fire and Casualty Company (hereinafter "Defendant State Farm") filed a response on April 20, 2015 [*Doc. 43*], and Plaintiffs filed a reply on May 11, 2015 [*Doc. 44*]. On May 14, 2015, Defendant State Farm filed a motion to strike Plaintiffs' reply as untimely. [*Doc. 47*]. Having considered the submissions of the parties, record of this case, and relevant law, the Court **FINDS** that the motion to extend discovery deadlines [*Doc. 42*] shall be **GRANTED in part** and **DENIED in part**, and the motion to strike [*Doc. 47*] shall be **DENIED**.

On October 8, 2014, a Scheduling Order was entered in this case by the Magistrate Judge previously assigned to this case, which set the following deadlines:

    Termination of discovery:         **April 6, 2015**
    Discovery motions:                 **April 27, 2015**
    Pretrial motions:                   **May 7, 2015**
    Pretrial order:
        Plaintiffs to Defendants:         **June 22, 2015**
        Defendants to the Court:         **July 6, 2015**

[*Doc. 20*].  On January 2, 2015, this case was reassigned to the undersigned as the referral judge. [*Doc. 27*].  On February 18, 2015, the undersigned entered an ***Order for Parties to File a Status Report*** *(Doc. 36)*, asking the parties to advise the Court of the status of the case and whether a settlement conference is desired.  On March 2, 2015, Defendants filed a ***Joint Status Report*** *(Doc. 38)*, which stated that a motion to dismiss filed by Defendants Felder and Pope and a motion for summary judgment filed by Defendant State Farm were pending, discovery is ongoing, there are no present discovery disputes, the discovery deadline is April 6, 2015, and that Defendant State Farm had served offers of judgment and it was Defendant State Farm's position that a settlement conference would not be productive prior to the Court ruling on the pending motions.  *Id.*  The report further noted that Plaintiffs' attorneys were twice asked for their input as to the status report, but failed to respond.  *Id.* at 2.  On March 27, 2015, Plaintiffs' counsel filed a ***Notice of Withdrawal*** *(Doc. 39)*, stating that Robert Koeblitz is no longer affiliated with the law firm Bleus & Associates, LLC, and that the law firm of Bleus & Associates, LLC (George Anthony Bleus, Esq.) will remain as counsel of record for Plaintiffs.  On March 31, 2015, the presiding judge in this case entered a Memorandum Opinion and Order granting the motion to dismiss filed by Defendants Felder and Pope, and dismissing them from the case.  [*Doc. 41*].

In Plaintiffs' motion to extend discovery deadlines and compel depositions, Plaintiffs state that Mr. Koeblitz suddenly resigned from Bleus & Associates, LLC on February 27, 2015, and that, as result of his departure, Mr. Bleus was forced to work on Mr. Koeblitz' trial in another case starting on March 2, 2015, and was unable to confer with defense counsel about the Joint Status Report that was filed on March 2, 2015.  *See* [*Doc. 42* at 2].  Plaintiffs state that, prior to his departure from the law firm, Mr. Koeblitz and defense counsel had agreed to set two out-of-state depositions for State Farm employees Reggie Pope and Julie Winters on March 19 and 20, 2015,

2

but Mr. Bleus was unable to keep those dates because of scheduling conflicts.  *Id.* at 3-5.  Plaintiffs state that they have tried to re-schedule the depositions, but defense counsel was unavailable for the dates provided by Mr. Bleus.  *Id.* at 4-5.  Plaintiffs state that Mr. Koeblitz had also attempted to schedule the depositions of State Farm employees Darlene Reed and Renata Hollins in Albuquerque before his departure from the law firm.  *Id.*  Plaintiffs, therefore, ask the Court to extend the discovery deadline in this case to July 15, 2015 to allow time for Plaintiffs to conduct these four depositions (*id.* at 6), and "to allow the Plaintiff to gather requested documents from the Defendant, which have not yet been produced" (*id.* at 7).

In response, Defendant State Farm asks the Court to deny Plaintiffs' motion because Plaintiffs have had ample time to conduct discovery, and because a formal notice was never sent, so the proposed depositions were never properly noticed.  *See* [*Doc. 43* at 1-2].  Defendant State Farm further contends that there is no discovery to compel because Plaintiffs have not noticed any depositions and have not propounded any discovery requests.  *Id.* at 4.

In reply, Plaintiffs contend that Mr. Koeblitz acted in good faith to attempt to schedule the depositions of Mr. Pope, Ms. Winters, Ms. Reed, and Ms. Hollins, as evidenced by a series of emails starting on February 9, 2015.  [*Doc. 44* at 2-4, and Exhibits 1-10].  Plaintiffs contend that, on March 27, 2015, Mr. Bleus contacted counsel for Defendants asking to schedule the four depositions outside the discovery deadline, but Defense counsel refused.  *Id.* at 4.  Plaintiffs further contend that extending the discovery deadline will not cause undue burden on Defendants because Defendants had previously agreed to the depositions of Ms. Winters and Mr. Pope.  *Id.* at 5-6.  Plaintiffs, therefore, ask the Court to "extend the discovery deadline **for ninety (90)** days to properly schedule, notice and take the depositions of Mr. Pope, Ms. Winters, Ms. Reed, and Ms. Hollins, respectively."  *Id.* at 6 (emphasis in original).

3

First, the Court considers Defendant State Farm's motion to strike Plaintiffs' reply because it was untimely. [*Doc. 47*]. While Defendant State Farm is correct that the reply was untimely because it was filed four days past the seventeen (17) day deadline after the response was filed, the Court declines to strike Plaintiffs' reply brief for two reasons: (1) because attorneys can usually agree to a four-day extension of time to file a reply brief without prejudice to either side; and (2) because Defendant fails to show how the four-day delay caused it any prejudice. Therefore, the Court will deny Defendants' motion to strike Plaintiffs' reply. However, the Court instructs counsel for Plaintiffs to read carefully the local and federal rules and to comply with all future deadlines in this case.

Next, the Court notes that Plaintiffs' contention in their motion that the April 6, 2015 discovery deadline was a "unilateral" deadline set by Defendants (*see, e.g., Doc. 42* at 4) is incorrect as that deadline was set by the previous Magistrate Judge in this case on October 14, 2015 (*see Doc. 20*).[1] In addition, the Court finds that Plaintiffs' request to compel discovery from Defendants (*see Doc. 42* at 7) should be denied as Plaintiffs do not state what this discovery is, nor do they attach any discovery requests to their motion to which they contend Defendants have not properly responded. Moreover, this request appears to have been abandoned by Plaintiffs in their reply to their motion. *See* [*Doc. 44* at 6].

As for Plaintiffs' request to extend the discovery deadline to take the depositions of four State Farm employees, the Court finds that the departure of Plaintiffs' counsel who was involved in scheduling those depositions establishes sufficient good cause for the extension of the discovery deadline for the sole purpose of holding those depositions. The Court finds that Defendants' failure to either agree to an extension of the discovery deadline, or to shorten the required

---

[1] The parties had requested a deadline of March 6, 2015 in the Joint Status Report filed with the Court. *See* [*Doc. 18* at 17]. This Joint Status Report was prepared with input from Plaintiffs following a telephonic "meet and confer." *Id.* at 1.

fourteen-day period for notice of a deposition, is unfortunate and not in keeping with the level of professionalism required by this Court.  *See, e.g.*, D.N.M.LR-Civ. 30.1 (explaining that the time for serving notice may be shortened by agreement of all parties).  At the same time, the Court notes that it appears that Plaintiffs' counsel failed to respond to Defendants' counsel's February 26, 2015 e-mail regarding dates for the depositions until March 27, 2015, which would have made it impossible to schedule the depositions with the fourteen-day notification required prior to the discovery deadline.  *See* [*Doc. 44* at 4 and Exhibit 11 at 22] (showing that, on February 26, 2015, Defendants' counsel proposed possible dates of March 11, 12 or 13 for the depositions, but Plaintiffs' counsel does not appear to have responded until March 27, 2015, *id.* at 23).  The Court instructs counsel for both parties to review the Lawyer's Creed of Professionalism of the State Bar of New Mexico and ensure compliance with the admonitions set forth therein.  *See* D.N.M.LR-Civ. 83.9 ("Lawyers appearing in this District must comply with the section for lawyers of 'A Creed of Professionalism of the New Mexico Bench and Bar.'").  The Court specifically calls counsel's attention to the admonition for counsel to agree to reasonable requests for extensions of time or waivers of formalities when legitimate interests of the clients will not be adversely affected and to comply with reasonable discovery requests.  *See* Creed of Professionalism http://www.nmbar.org/Nmstatebar/For_Members/Creed_of_Professionalism.aspx (site last checked May 15, 2015).

    Based on the foregoing, the Court will grant Plaintiffs' motion only to the extent that Plaintiffs may schedule the depositions of Mr. Pope, Ms. Winters, Ms. Reed, and Ms. Hollins.  The Court instructs the parties to <u>immediately</u> work together to find mutually agreeable deposition dates for these four individuals.   After making a good faith attempt to schedule the depositions at mutually agreeable times, as required by Local Rule 30.1, Plaintiffs' counsel shall serve formal

notices of deposition on the four deponents **no later than fourteen (14) days** of the entry of this Order, and the depositions must take place **no later than thirty (30) days** of the entry of this Order. The Court will deny Plaintiffs' motion as to extending the discovery deadline for any other purpose and for any further length of time, and this Order does not extend any other deadline already set in this case.

      **IT IS THEREFORE ORDERED** that Plaintiffs' *Motion to Extend Discovery Deadlines and Motion to Compel Deposition (Doc. 42)* is **GRANTED in part** and **DENIED in part** as set forth above.

      **IT IS FURTHER ORDERED** that Defendant State Farm's motion to strike Plaintiffs' reply [*Doc. 47*] is **DENIED**.

      **IT IS SO ORDERED.**

_Lourdes A. Martínez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**